IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

      **Plaintiff,**

      v.                                                   CASE NO. 22-3270-JWL-JPO

UNITED STATES OF AMERICA,
et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Anthony Leroy Davis, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this pro se civil rights case. Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 3) and a motion for service of summons (Doc. 4).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

Plaintiff alleges in his Complaint that he is facing imminent danger of serious physical injury because he is falsely imprisoned. Plaintiff alleges that on January 11, 2020, Defendant Kent acted negligently because a "defendant" was placed at Plaintiff's cell door while he was

---

[1] *See Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing Plaintiff's appeal as frivolous and finding Plaintiff now has three qualifying strikes under 28 U.S.C. § 1915(g)).

sleeping and attacked him with a weapon to silence Plaintiff for filing grievances. Plaintiff also claims he is not receiving adequate "medical-foods" for treatment of his diabetes.[2] Plaintiff also claims that his discharge date is not being properly calculated and that money was unlawfully debited from his account.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the

---

[2] Plaintiff attaches a grievance that claims his "sugar deficiency was below 20" on September 14, 2022. Plaintiff indicated in his October 9, 2022 response that he was satisfied with the Unit Team response and that he wished to withdraw his formal grievance. (Doc. 1–5, at 2.)

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) and a motion for service of summons (Doc. 4) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 17, 2022,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED.**

**Dated October 27, 2022, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE