**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANTHONY LEROY DAVIS,**

      **Plaintiff,**

      **v.**                                                            **CASE NO. 22-3270-JWL-JPO**

**UNITED STATES OF AMERICA,
et al.,**

      **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, Anthony Leroy Davis, is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff filed this *pro se* civil rights action on October 23, 2022. The Court entered an Order (Doc. 7) denying Plaintiff's motion for leave to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until November 17, 2022, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 7, at 3.)

Plaintiff has filed two responses (Docs. 8, 9), a notice of personal service (Doc. 10), and a notice of security and in forma pauperis affidavit (Doc. 11). In his response at Doc. 8, he seeks "an interlocutory summary judgment order," alleging that requiring Plaintiff to pay a filing fee denies him access to the courts, and seeking "Three Billion, Five Million Dollars" in punitive damages from the United States. (Doc. 8, at 1–2.) Plaintiff's response at Doc. 9 argues that he was denied access to the grievance system and the law library. (Doc. 9, at 1.) Plaintiff's notice

of personal service seeks to have the Court serve various defendants.   Plaintiff's notice of security sets forth that he is indigent and unable to pay the filing fee.

The Tenth Circuit "has already upheld the constitutionality of 1915(g) against due process, equal protection, and access to the courts challenges." *Burghart v. Corr. Corp. of Am.*, 350 F. App'x 278, 279 (10th Cir. 2009) (unpublished) (citing *White v. Colo.*, 157 F.3d 1226, 1232–35 (10th Cir. 1998)); *see also Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (finding that the court in *White* held that ifp status in a civil case is not a fundamental right and that § 1915(g) "is rationally related to the legitimate end of deterring frivolous and malicious prisoner lawsuits") (quoting *White*, 157 F.2d at 1233–34).

 The Court has reviewed the filings submitted by Plaintiff and finds that they do not show that Plaintiff is in imminent danger of serious physical injury.   Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).   "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).   "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.   As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for

failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated November 22, 2022, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**