IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

    **Plaintiff,**

    v.                                      **CASE NO. 22-3270-JWL-JPO**

**UNITED STATES OF AMERICA,**
**et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, Anthony Leroy Davis, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this pro se civil rights case. Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury. (Doc. 7.) The Court denied Plaintiff leave to proceed in forma pauperis, ordered Plaintiff to pay the full $402.00 district court filing fee by November 17, 2022, and cautioned Plaintiff that "[i]f he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914." *Id*. at 2–3.

On November 22, 2022, the Court dismissed this matter without prejudice under Fed. R. Civ. P. 41(b) for failure to pay the filing fee. On December 5, 2022, Plaintiff filed a Praecipe for Service of Summons (Doc. 14); a RULE 5.1 NOTICE for a Praecipe to Subpoena Defendants for Constitutional Challenge to a Statute - Notice, Certification and Intervention (Doc. 15); and a

"Counter Claim Motion for Leave to File Amended Complaint" (Doc. 16). Nothing in Plaintiff's filings warrants reopening this case.

Plaintiff suggests that his original complaint showed imminent danger in paragraph 12, referencing care for his diabetes. However, the Court addressed this in the Memorandum and Order at Doc. 7. The Court found that Plaintiff also claims he is not receiving adequate "medical-foods" for treatment of his diabetes. The Court noted that Plaintiff attaches a grievance that claims his "sugar deficiency was below 20" on September 14, 2022. Plaintiff indicated in his October 9, 2022 response that he was satisfied with the Unit Team response and that he wished to withdraw his formal grievance. (Doc. 1–5, at 2.)

The Court found that Plaintiff failed to meet the only exception to the prepayment requirement, by making "specific, credible allegations of imminent danger of serious physical harm." *See Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

Plaintiff's motion to amend his complaint in this closed case is denied. This case remains closed.

2

**IT IS THEREFORE ORDERED** that Plaintiff's Counter Claim Motion for Leave to File Amended Complaint (Doc. 16) is **denied**.  This case remains closed.

**IT IS SO ORDERED.**

**Dated December 27, 2022, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

3